**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

TAQUILA TAYLOR,
   Plaintiff,
v.
REPUBLIC SERVICES OF INDIANA,
LIMITED PARTNERSHIP,
   Defendant.

Case No. _____

## NOTICE OF REMOVAL

Defendant, Republic Services of Indiana, Limited Partnership ("Republic Services"), by counsel Edward W. Hearn and Kyle J. Farris of JOHNSON & BELL P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files its Notice of Removal of the above-captioned action from the Superior Court of St. Joseph County, Indiana, to this Court, based on the following grounds:

1.  On July 2, 2021, Plaintiff filed her Complaint against Defendant in the Superior Court of St. Joseph County, Indiana, under case no. 71D05-2107-CT-225.  A true and accurate copy of the Complaint is attached as Exhibit A and fully incorporated here.

2.  Plaintiffs achieved service on Republic Services before July 21, 2021.

3.  Defendant has answered the Complaint.  A copy of Defendant's Answer filed in the state court is attached as Exhibit B and fully incorporated here.

4.  Defendant is a Delaware limited partnership with its principal place of business in Phoenix, Arizona.

5.  Defendant's partners are Republic Services, Inc. (general partner) and Republic Services of Indiana Limited Partnership, Incorporated (limited partner).  Both partner entities are Delaware corporations with a principal place of business in Phoenix, Arizona.  Defendant is therefore a citizen of both the State of Delaware and the State of Arizona.

1

6.  Plaintiff is an individual residing in South Bend, St. Joseph County, Indiana, and is a citizen of the State of Indiana.

7.   Because Plaintiff is not a citizen of the same state as Defendant or any of its partners, complete diversity of citizenship between the parties exists under 28 U.S.C. § 1332(a).

8.  In her Complaint, Plaintiff alleges damages from personal injuries.  In accordance with *Ind. T. R.* 8(A)(2), Plaintiff has not specified a dollar amount in the request for relief in her Complaint.

9.  On July 29, 2021, Defendant served Plaintiff with a Stipulation to Damages and Letter requesting Plaintiff to stipulate and agree that the value of Plaintiff's potential claims and maximum allowable recovery, if any, did not exceed $75,000.  Defendant allowed Plaintiff thirty (30) days to stipulate or otherwise respond and indicated that in the event no stipulation or response was received, Defendant would seek removal to federal court.  However, Plaintiff did not stipulate or otherwise respond.

10.  Plaintiff's failure to respond to Defendant's stipulation within thirty (30) days constitutes the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

11. Although Defendant denies the material allegations of Plaintiff's Complaint, Plaintiff's failure to stipulate that her damages do not exceed $75,000 acts as an agreement and thus establishes that the amount in controversy, exclusive of interests and costs, exceeds the $75,000 threshold to invoke this Court's diversity jurisdiction.  *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (plaintiff's failure to stipulate to damages under $75,000 allows the inference that the claim is worth more); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) ("Plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the

jurisdictional minimum . . . ."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512–13 (7th Cir. 2006) (citing *Workman* and *Rubel*); *Webb v. Frawley*, 858 F.3d 459, 461–62 (7th Cir. 2017) (plaintiffs could have remained in state court by stipulating to damages under $75,000 but failed to do so).

12. This Court has original jurisdiction over the state-court action under 28 U.S.C. § 1332. This action is therefore removable to this Court under 28 U.S.C. §§ 1441 and 1446 because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.

13. Defendant has filed this Notice of Removal within thirty (30) days of determining that the case is removable.

14. Upon filing this Notice of Removal, Defendant will give written notice of that filing to all attorneys of record and the Clerk of the Superior Court of St. Joseph County, Indiana.

Respectfully submitted:

JOHNSON & BELL, P.C.

By:     /s/*Edward W. Hearn*
Edward W. Hearn, #18691-64
Kyle J. Farris, # 35820-64
11041 Broadway
Crown Point, Indiana 46307
(219)791-1900
hearne@jbltd.com
farrisk@jbltd.com

## CERTIFICATE OF SERVICE

I certify that on September 29, 2021, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Indiana, South Bend Division, using the CM/ECF system and that the foregoing document was served upon all counsel of record.

Daniel H. Pfeifer - dpfeifer@pilawyers.com
Peter D. Hamann - phamann@pilawyers.com

/s/*Edward W. Hearn*
Edward W. Hearn, #18691-64